CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

JUN 2 6 2020

JULIA C. DUDLEY, CLERK
BY: /s/ E Surber
DEPUTY CLERK

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| United States of America | ) |
| v. | ) |
|  | ) Case No. 1:20mj92 |
|  | ) |
| JAMES BROWN | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 14, 2020__ in the county of __Smyth__ in the
__Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1001(a)(2) | False, fictious, or fraudulent statement or representation to the US Government. |
| 42 USC 3631(a) | Criminal interference with fair housing. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

/s/ Chad Potter by pms
*Complainant's signature*

Chad Potter, Special Agent, FBI
*Printed name and title*

Sworn to before me ~~and signed in my presence~~ telephonically.

Date: 6/26/20

/s/ Pamela Meade Sargent
*Judge's signature*

City and state: Abingdon, VA

Pamela Meade Sargent, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

IN THE MATTER OF THE ARREST OF: )          **UNDER SEAL**
James Brown                                                  )
                                                                         )          Case No._____

**AFFIDAVIT IN SUPPORT OF <u>SEARCH WARRANT</u>**

1. I, Chad Potter, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

2. I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests for the offenses enumerated in Section 2516 of Title 18, United States Code.

3. I have been employed as a Special Agent with the FBI for approximately 1 year. I am currently assigned to the Richmond Division, Bristol Resident Agency (BRA), located in Bristol, Virginia. I have experience with domestic terrorism investigations, to include a domestic terrorism investigation involving explosive devices. I have taken part in numerous federal, state, and local investigations concerning domestic terrorism, document and identity fraud, financial fraud and civil rights violations.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. Based on the facts as set forth in this affidavit, there is probable cause to believe that a violation of 18 U.S.C. § 1001(a)(2) (makes any materially false, fictitious, or fraudulent

statement or misrepresentation) and 42 U.S.C. § 3631(a) (criminal interference with fair housing), has been committed by James Brown (BROWN).

6. Title 18, United States Code, Section 1001(a)(2) prohibits individuals from making materially false, fictitious, or fraudulent statements or misrepresentations. Title 42, United States Code, Section 3631(a) prohibits the use of force or threats of force to willfully injure or intimidate a person, or attempt to do so, because of the person's race or color and because the person was enjoying an enumerated housing right, such as the right to occupy, purchase, or rent a dwelling.

## JURISDICTION

7. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## STATEMENT OF PROBABLE CAUSE

8. On June 14, 2020, at approximately 12:55 A.M. Officer Bryan Morris (Morris), MPD, responded to Pearl Avenue Marion, Virginia 24354, in response to a possible gunshot. Morris was flagged down by Victim #1, an African-American female, who said someone put a burning cross in her yard. Victim #1's son, a juvenile African-American male, was an organizer of a civil rights protest held in Marion, Virginia earlier in the day. At the time of the incident Victim #1 expressed fear and concern for her and her families' safety. Victim #1's daughter was afraid to leave the residence due to the "bang" and the burning cross. When interviewed by agents with the Federal Bureau of Investigation, Victim #1 broke into tears while describing the incident. I know from my training and

experience that cross-burnings have historically been used to specifically target and intimidate African Americans.

9. Morris observed a cross-shaped piece of wood propped up against a burn barrel. According to Morris, there was a significant fire inside the burn barrel with red hot coals.

10. The wood used to manufacture the cross was retained by the Marion Police Department. Agents observed that the wood was connected by a screw to make a cross shape. Attached to the wood was a woven cloth attached by staples. The wood and cloth had a sweet smell, which is indicative of a propellant being used.

11. Sergeant Wesley Thomas, MPD, arrived on scene and used a fire extinguisher to put out the fire.

12. Video evidence was obtained from a neighboring house. The video showed a fire burning in the upper portion of the screen. The fire erupts into a large fireball that burns for several seconds, which is indicative of the use of propellant. No vehicles were observed traveling into or out of the vicinity of the incident.

13. On the night of June 14, 2020, Confidential Witness (CW) 1 walked out onto a porch of a residence near Victim #1's residence. CW1 observed a fire in front of Victim #1's house, then heard a bang. CW1 walked toward the fire where he observed a white, skinny man walking away from the victim's residence located on Pearl Avenue in Marion, VA toward a peach colored house across the street from the victim's residence, which is the residence of BROWN. This description of a "white, skinny man" matches the description of BROWN, who is believed to be of Puerto Rican descent.

14. CW2 was present at BROWN'S residence on or around June 15, 2020 when BROWN was asked about the incident. BROWN laughed, and said, "Fuck those Niggers". CW2 was also present when BROWN said, "Hey, have you burnt any crosses lately?"

15. On the night of June 14, 2020, CW3 was sleeping at a house near BROWN'S residence, when he heard a bang. CW3 put on pants and walked outside to see the source of the noise and observed a cross burning in Victim #1's yard. CW3 walked into BROWN'S residence and observed him sitting on the couch. CW3 stated that BROWN had previously talked about burning a cross in Victim #1's yard. BROWN said, "I did it," referencing the cross burning in Victim #1's yard.

16. On June 15, 2020, Marion Police Department (MPD), located in Marion, Virginia, contacted the FBI Bristol RA concerning a potential hate crime in Marion, Virginia, and requested assistance in the investigation. As part of its investigation, agents with the Federal Bureau of Investigation interviewed, BROWN on June 15, 2020 in Marion, Virginia. BROWN said he was watching TV when he heard a bang that sounded like either a shotgun or a firework. BROWN stated he went outside and saw a fire burning in a barrel in front of the victim's house. BROWN stated he then saw the victim walking up the street. BROWN stated he heard Victim #1 yelling for someone to get her child from the house. BROWN stated he went across the street and knocked on the door of the victim's residence.

17. BROWN also discussed having a troubled relationship with Victim #1. BROWN stated he and Victim #1 were friends until he had an argument with Victim #1 involving a female friend of the Victim #1.

18. BROWN was asked by agents if he had anything to do with the cross burning across the street. BROWN responded, "No." BROWN was asked by agents if he knew who burned the cross in front of the victim's house. BROWN responded, "No."

## CONCLUSION

19. Based on the aforementioned factual information and my training and experience in criminal investigations, I submit that probable cause exists to conclude that James Brown did knowingly and willingly make materially false, fictitious, or fraudulent statements or misrepresentations to investigative law enforcement officers of the United States in violation of 18 U.S.C. § 1001(a)(2) and did use force or threats of force to willfully injure or intimidate a person, or attempt to do so, because of the person's race or color and because the person was enjoying an enumerated housing right, such as the right to occupy, purchase, or rent a dwelling, in violation of 42 U.S.C. § 3631(a).

FURTHER THE AFFIANT SAYETH NOT.

Respectfully submitted,

/s/ Chad Potter by pms
Chad Potter
Special Agent, FBI

Subscribed and sworn to before me on *telephonically* 26th, day of June, 2020

_____
Honorable PAMELA MEADE SARGENT
United States Magistrate Judge


Seen by:

/s/ Zachary T. Lee

_____
Zachary T. Lee, AUSA