## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal No. 1:20CR00026 |
| : | |
| **JAMES BROWN** : | |

### RESPONSE IN OPPOSITION TO MOTION TO SEVER TRIAL OF COUNT FOUR OF THE INDICTMENT

The government hereby responds in opposition to the defendant's Motion to Sever Count Four of the Indictment (Doc. 82) and asks this court to deny the motion.

The defendant is charged with four counts in the indictment, namely: making false statements related to the burning of a cross on the property of Victims #1 & #2, in violation of 18 U.S.C. § 1001 (Count One); interference with the housing rights of another through injury, interference, or intimidation, in violation of 42 U.S.C. § 3631(a) (Count Two); using fire to commit a violation federal of law, in violation of 18 U.S.C. § 844(h) (Count Three); and possession of a firearm by a prohibited person, namely, an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Count Four). The defendant has moved to sever Count Four claiming that the conduct is unrelated to the other counts and a trial of all the counts of indictment would be overly prejudicial to the defendant. However, contrary to the defendant's assertions, Count Four is not unrelated to the other counts of the indictment and many of the same witnesses necessary to present evidence at a trial on Counts One through Three would be necessary witnesses for a trial of Count Four. Therefore, a fulsome presentation of the

1

evidence against the defendant as to Counts One through Three and judicial economy necessitate that the court deny the defendant's motion.

The government will present evidence at trial in this case that would demonstrate that the defendant, who had a history of using racial epithets directed towards African-Americans, had a long standing contentious relationship with Victim #1, an African-American female, that culminated on the night of June 14, 2020, with the defendant burning a cross in the front yard of Victim #1 and her son, Victim #2, who had that day organized and led a Black Lives Matter rally in Marion, Virginia. The government would further present that Victim #1 had seen the defendant possess a firearm prior to June 14, 2020, and that two firearms belonging to the defendant were seized during the investigation July 2, 2020, within eighteen days of the burning of the cross. Additionally, the government would present evidence that the defendant, between June 14, 2020, and June 26, 2020, was observed by an FBI agent carrying a pistol on his hip in a holster.

Pursuant to Fed. R. Crim. P. 8(a), multiple offenses may be joined in the same indictment if they are (1) of the same or similar character; (2) based upon the same act or transaction; or (3) are in some way connected together or part of a common scheme or plan. Fed. R. Crim. P. 8(a). Importantly, "Rule 8(a) 'permit[s] very broad joinder' because of the efficiency in trying the defendant on related counts in the same trial . . . Rule 8(a) is 'not infinitely elastic,' however, because unrelated charges create the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) (*internal citations omitted*). "Moreover, joinder is the 'rule rather than the exception,' because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a

single proceeding." *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008) (*internal citations omitted*). Importantly,

> under Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses ... appears to prejudice a defendant or the government, the court may order separate trials of counts...." ...A defendant seeking severance pursuant to Rule 14 "has the burden of demonstrating a strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir.1984). Furthermore, whether joinder is so prejudicial as to warrant severance is a matter committed to the discretion of the district court. The district court's denial of a motion to sever "should be left undisturbed, absent a showing of clear prejudice or abuse of discretion.

*United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008).

In this case, Count Four of the indictment should not be severed from the trial of Counts One through Three. All of the counts are related temporally, the cross burning and location and seizure of the specific firearms listed in the indictment all occurring within an 18 day span, namely, between June 14, 2020 and July 2, 2020. [1] Additionally, the government will present evidence from witnesses Dean Coe and Viana Ayala that on multiple occasions in the 24 months preceding the burning of the cross, the defendant possessed firearms while being a prohibited person. Importantly the government also will present evidence from Victim #1 that when interviewed by the FBI regarding her interactions with the defendant, she stated that he had "owned guns [and] has pulled them out in front of her."

The evidence of the defendant's possession of a firearm, most importantly in the presence of Victim #1, is relevant for the jury to consider when making determinations about the intent of the defendant to intimidate the victims and the victims' states of mind during and leading up to

---

[1] "[W]here an indictment alleges a crime occurred on or about a certain date, proof need only establish beyond a reasonable doubt that the crime occurred on a date reasonably near that alleged." *United States v. Ward*, 676 F.2d 94, 96 (4th Cir. 1982)

the events of June 14, 2020, and thereafter. *United States v. Milbourn*, 600 F.3d 808, 811 (7th Cir. 2010) ("In cross burning cases, a jury may consider the victims' reaction as an indication of threatening intent because '[e]vidence showing the reaction of the victim of a threat is admissible as proof that a threat was made.'"); *United States v. Hartbarger*, 148 F.3d 777, 781 (7th Cir. 1998), overruled on other grounds by *United States v. Colvin*, 353 F.3d 569 (7th Cir. 2003)782 ("[V]ictim impact evidence is relevant to determine whether defendants used, or attempted to use, force or threat of force to intimidate or interfere with the rights of their victims."). Evidence of a victim's actual feelings of intimidation can be used to establish that the cross-burning was intended to intimidate because "[t]his reaction is probative of whether one who makes such a statement might reasonably foresee that such a statement would be taken as a threat." *Hartbarger*, 148 F.3d at 782.

The jury in this case could reasonably find that the likelihood of intimidation by the defendant's burning of a cross in the victims' front yard was heightened due to Victim #1's knowledge that the defendant not only burned crosses, but also possessed firearms in the time leading up to the cross burning and afterwards, and had pulled them out in front of her. If admitted at a trial on all counts, this evidence, and the necessary evidence of the defendant's use of marijuana, would not be overly prejudicial such that it would warrant severance.

For the foregoing reasons, the government respectfully asks that the court deny the defendant's Motion to Sever Count Four of the Indictment.

Respectfully submitted,

DANIEL P. BUBAR
Acting United States Attorney


/s/ Zachary T. Lee
VA Bar No. 47087
Attorney for United States of America
U.S. Attorney's Office
180 West Main Street
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)
USAVAW.ECFAbingdon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendants.

/s/ Zachary T. Lee
Assistant United States Attorney