IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:20CR26 |
| | ) | |
| JAMES BROWN | ) | |
| Defendant | | |

**MR. BROWN'S REPLY TO THE GOVERNMENT'S OPPOSITION TO SEVER TRIAL OF COUNT FOUR OF THE INDICTMENT**

In its response opposing Mr. Brown's motion to sever Count Four of the indictment (Possession of a Firearm by a User of a Controlled Substance on or about and between June 26, 2020 and July 2, 2020) from the remaining three counts related to an alleged cross-burning incident that occurred on June 14, 2020, the government mistakenly argues Count Four is related to the other three counts. The government asserts that the counts are related because the victim of the alleged cross-burning knew Mr. Brown owned guns (which of itself is not illegal) and that "many of the same witnesses necessary to present evidence at a trial on Counts One through Three would be necessary witnesses for a trial of Count Four." (Gov't Resp. Dkt 88 p.1). However, neither the victim's purported knowledge that Mr. Brown owned guns before the cross-burning nor judicial economy support joinder of an unrelated count. And while the government alleges the counts are related temporally, the indictment charges Mr. Brown with unlawfully possessing a firearm while being a user of a

1

controlled substance beginning on June 26, 2020, twelve days *after* the alleged cross-burning incident.

Fed. R. Crim. P. 8(a) only permits joinder of separate offenses where "the offenses charged...are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Here, the firearm charge is not of the same or similar character of the other charges of making a false statement, interfering with housing rights, or arson. There are no common elements between the firearms charge and the other counts. While Counts One, Two and Three are related to each other, there is no connection between the firearms charge and the remaining counts, other than the name of the person charged, James Brown. And there is no credible assertion the government can make that the government's evidence related to Mr. Brown's alleged possession of a firearm while a user of a controlled substance is part of a common scheme or plan for the false statement, interference with housing rights or arson charges.

In its response, the government argues "the evidence of the defendant's possession of a firearm, most importantly in the presence of Victim #1, is relevant for the jury to consider when making determinations about the intent of the defendant to intimidate the victims and the victims' states of mind during and leading up to the events of June 14, 2020, and thereafter." (Gov't Resp. pp 3-4). As a factual matter, there is no suggestion that Mr. Brown ever threatened or intimidated the victim or her family. Indeed, the evidence would show the victim herself engaged in acts of threats and intimidation when she spat upon Mr. Brown's daughter's companion just

a few days before the fire. Further, the evidence will show that Mr. Brown and his family and the victim's family had been close friends in the past.

Factual issues aside, what the government actually is doing in charging an unrelated count in this indictment is attempting to bypass the relevance considerations embodied in Federal Rule of Evidence 404(b) and the balancing required by that rule (see generally, *United States v. Queen*, 132 F. 3d 991 (4th Cir. 1997)). It wishes to put on evidence of Mr. Brown's alleged marijuana use (a mind-altering substance) and alleged possession of a firearm sometime during a several-day period **after** the alleged cross-burning to make him look bad generally and not have to bother with the safeguards embodied in Rule 404(b). Its claim that such evidence "would not be overly prejudicial such that it would warrant severance" (Dkt. 88 p. 4) is an argument it should make under Rule 404(b).

And it is meritless to boot. A jury would be unlikely to compartmentalize or "silo" the evidence of use of a controlled substance in its consideration of evidence of the firearms charge from its review of the evidence related to the cross-burning counts. As a result, Mr. Brown would be unduly prejudiced.

As the government notes in its response, "…Rule 8(a) is not infinitely elastic,' however, because unrelated charges create the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) *(internal citations omitted."* (Gov't Resp. p. 2). Such is the case here. Mr. Brown is entitled to a fair trial on the cross-burning charges and a separate fair trial on the unrelated firearm charge. If

the government believes that his supposed use of marijuana and alleged possession of a firearm **after** the alleged cross burning is relevant to the cross-burning charges, then it should try to make that showing under Rule 404(b)—not by misjoining the charge in this indictment.  The Court should grant his motion for severance and set Count Four for a separate trial.

        Respectfully submitted,

        James Brown
        By Counsel

        JUVAL O. SCOTT

        Federal Public Defender
        Western District of Virginia


        s/*Nancy Dickenson-Vicars*
        Nancy Dickenson-Vicars
        Assistant Federal Public Defender
        201 Abingdon Place
        Abingdon, VA 24201
        (276) 619-6086
        nancy_dickenson@fd.org
        Virginia State Bar Number 28120

        s/*Monica D. Cliatt*
        Monica D. Cliatt
        First Assistant Federal Public Defender
        210 First Street SW, Room 400
        Roanoke, VA 24211
        Ph. (540) 777-0880
        Fax (540) 777-0890
        monica_cliatt@fd.org
        Pennsylvania State Bar No. 84848

CERTIFICATE OF SERVICE

    I certify that on November 4, 2020, a copy of the Reply to Government's Opposition to Motion to Sever Trial of Count Four was electronically filed with the clerk of the court using the court's CM/ECF electronic filing system which will provide notice to the parties.

                                                  s/ Nancy Dickenson-Vicars