IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| v.    ) | Case No.: 1:20-CR-26 |
| ) | |
| JAMES BROWN   ) | |
| ) | |
| **Defendant**  ) | |

**MOTION TO DISMISS COUNT FOUR
AND MEMORANDUM IN SUPPORT**

James Brown, by counsel, respectfully submits this motion and memorandum in support for dismissal of Count Four of his indictment. Count Four alleges that Mr. Brown knowingly possessed a firearm in or affecting interstate or foreign commerce, while knowingly being an unlawful user of a controlled substance in violation of 18 U.S.C. 922(g)(3).

Mr. Brown requests this court dismiss Count Four of the indictment because 18 U.S.C. § 922(g)(3) is unconstitutionally vague because it leaves people of ordinary intelligence to guess at its meaning. The statute is vague on its face. The Fourth Circuit is considering this same issue in a pending matter, *United States v. Hasson*, No. 20-4126.

**Facts**

Following a suspicious fire in a burn barrel in the yard at a residence in Marion, Virginia, James Brown was indicted on four counts. The Grand Jury

charged Mr. Brown with (1) making false statements in connection to the cross burning in violation of 18 U.S.C. 1001(a)(2); (2) injuring, intimidating, or interfering with any person because of their race or color and because they had been renting and occupying a dwelling by acts which included the use of fire in violation of 42 U.S.C. 3631(a); (3) in knowingly using fire to commit a violation of 42 U.S.C. 3631(a), burned a cross in front of the house of two African American victims in violation of 18 U.S.C. 844(h), and; (4) knowingly possessing firearms in or affecting interstate or foreign commerce, while knowingly being an unlawful user of a controlled substance in violation of 18 U.S.C. 922(g)(3).

Because of the vague language of 18 U.S.C. 922(g)(3), Mr. Brown respectfully requests this honorable court grant his motion for dismissal.

A. **Section 922(g)(3) is void for vagueness.**

"A statute is unconstitutionally vague under the Due Process Clause if it fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Martin v. Lloyd*, 700 F.3d 132, 135 (4th Cir. 2012). The "prohibition of vagueness in criminal statutes . . . is an essential of due process, required by both ordinary notions of fair play and the settled rule of law." *United States v. Simms*, 914 F.3d 229, 234 (4th Cir.2019) (en banc).[1]

---

[1] Furthermore, as the Fourth Circuit, ruling *en banc*, emphasized, "Due process requires Congress to speak in definite terms, *particularly where the consequences for individual liberties are steep,* in part because Congress alone—not the executive or the judiciary—is equipped to balance competing policy priorities and to define the boundaries of criminal law." United States v. Simms, 914 F.3d 229, 251

If "criminal penalties may be imposed for violations of a law, a stricter standard is applied in reviewing the statute for vagueness." *Manning v. Caldwell for City of Roanoke*, 930 F.3d264 (4th Cir. 2019). Void-for-vagueness challenges come in two types: facial and as applied. In an as-applied challenge, the defendant argues the statute does not provide fair notice that his particular conduct exposes him to liability. *See, e.g., United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002). A facial challenge asserts "a statute may not constitutionally be applied to any set of facts." *United States v. Powell*, 423 U.S. 87, 92 (1975).

In J*ohnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court clarified that a statute can be facially vague even if some of its applications are clear. Following *Johnson*, a defendant may raise a facial vagueness challenge without regard to whether the statute is vague as applied to him. Section 922(g)(3) cannot survive such a challenge. The key terms in that statute— "unlawful user" and "addict"—fail to provide adequate notice of what conduct renders one a prohibited possessor of firearms.[2]

---

(4th Cir. 2019) (cert. denied) (emphasis added). Though the Fourth Circuit has held that 18 U.S.C.A. §§ 922(g)(3) does not violate the Second Amendment, a vague application of §922(g)(3) nonetheless violates Mr. Brown's due process rights. *See* United States v. Yates, 746 F. App'x 162 (4th Cir. 2018) (cert. denied) (citing District of Columbia v. Heller*,* 554 U.S. 570, 595 (2008)).

[2] Recently, both the Fourth Circuit and the Supreme Court have been asked to address whether laws criminalizing the possession of firearms in relation to other crimes are unconstitutionally vague. In 2019, the Supreme Court ruled in *United States v. Davis,* 139 S. Ct. 2319, 2336 (2019) that 18 U.S.C. §924(c)(3)(B)—which defines "crimes of violence" for purposes of a federal statute providing mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal crime of violence—could not be upheld. The Fourth Circuit held the same in *United States v. Simms*, 914 F.3d 229, 251 (4th Cir. 2019) (cert. denied). Similarly, here, the predicate offense of being an "unlawful user or addict" is unconstitutionally vague. As such, this court should apply the same principles *United States v. Simms*, and rule in kind.

B. **Section 922(g)(3) does not put ordinary people on notice of what conduct is prohibited.**

Section 922(g)(3) prohibits firearm possession by anyone "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." The statute "nowhere defines 'unlawful user.'" *United States v. Jackson*, 280 F.3d 403, 406 (4th Cir. 2002). As for "addicted to," the statute provides, "The term 'addict' means any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction." 21 U.S.C. § 802(1). Both terms— "unlawful user" and "addict"—are facially vague.

As in *Manning,* where the Fourth Circuit recently declared similar language in a Virginia statute ("habitual drunkard") void for vagueness, the meaning of "unlawful user" turns on elastic standards of duration and frequency. The Court wrote the word "habitual" is susceptible to numerous interpretations" and therefore "does not provide any principles or standards for determining how often or regularly an act must be performed to constitute 'habitual' behavior." *Manning,* 930 F.3d at 274. The Court analyzed the term "drunkard" and found it fails to "provide any meaningful guidance regarding proscribed conduct.". As a result, "police officers, prosecutors, and even state circuit court judges likely will have differing perceptions regarding what frequency of drunkenness exceeds the necessary threshold for a person to be considered an 'habitual drunkard." *Id.* at 276. In short, "the term

4

'habitual drunkard' specifies *no* standard of conduct" and is therefore unconstitutionally vague. *Id.* at 278 (emphasis in original).

### a. "Unlawful user"

When assessing vagueness, courts look to both "the plain language of the contested statute" and "any limiting construction" courts have adopted. *Martin*, 700 F.3d at 136. For §922(g)(3), the Fourth Circuit has endorsed the definition of "unlawful user" supplied by *United States v. Purdy*, 264 F.3d 809 (9th Cir.2001). *See, e.g., United States v. Sperling*, 400 F. App'x 765, 767 (4th Cir. 2010) (unpublished); *United States v. Marsh*, 232 F. App'x 261, 262 (4th Cir. 2007) (unpublished); *United States v. Parris*, 111 F. App'x 158, 159(4th Cir. 2004) (unpublished).

*Purdy* held a defendant qualifies as an unlawful user if his "drug use [i]s sufficiently [1] consistent" (i.e., it occurred "on a regular basis"), [2] "prolonged" (i.e., it took place "over an extended period of time"), and [3] "close in time to his gun possession" (i.e., "contemporaneously with his possession of a firearm"). 264 F.3d at 812-13. If drug use is "infrequent and inconsistent," or if it occurs "in the distant past," a defendant does not fall "within the statutory definition of unlawful drug user." *Id.* at 812. As *Purdy* clarifies, a person can drift in and out of "unlawful user" status based on how recently and consistently he has used drugs. The statute "does not permanently disarm all persons who, at any point in their lives, were unlawful drug users or addicts. Instead, it only applies to persons who are currently unlawful users or addicts." *United States v. Carter*, 669 F.3d 411, 419 (4th Cir. 2012)

5

(emphasis in original). Because of §922(g)(3)'s "limited temporal reach," someone who was once an unlawful user can lose that status "by parting ways with illicit drug use." *Id*. And even if a defendant undoubtedly qualifies as an unlawful user, firearm possession is not illegal unless it occurs "sufficiently . . . close in time" to his drug use. *Purdy*, 264 F.3d at 812.

To determine whether a defendant is an "unlawful user," courts must examine his conduct referring to three nebulous, open-ended standards, layered one on top of the other: (1) "consistent" ("on a regular basis"), (2) "prolonged" ("over an extended period of time"), and (3) "close in time" ("contemporaneously"). *Purdy*, 264 F.3d at 812-13. These tests raise more questions than they answer: How frequent is "consistent" drug use—daily, weekly or monthly? How "prolonged" is an "extended" period of time? And how close is close enough for "close in time? The statute offers no clue about how to answer these questions, and the case law does little to illuminate the term's meaning. Therefore, the court cannot say there is a "settled meaning" to who counts as an "unlawful user." *Purdy*, 264 F.3d 809.

*Weissman v. United States*, 373 F.2d 799 (9th Cir. 1967) was a case about a statute providing that "'no citizen of the United States who is addicted to or uses narcotic drugs'" could leave or enter the country without registering with customs. *Weissman*, 373 F.2d at 799 (emphasis added). The term "user of narcotics," the court wrote, "is unrestricted and general," encompassing "any of a large number of types of use of a narcotic drug." *Id*. at 802. Even if the court imposed on the statute limitations not present in the text—e.g., that "one use is sufficient, unless occurring

6

in the distant past," or that drug use must occur "within a reasonable period of time prior to the date charged in the Indictment"—the statute would still suffer from "indefiniteness" and "patent . . . uncertainty." *Id*. at 803. As the court put it, "how far past is the 'distant' past? . . . What is a 'reasonable period of time' before the date of the offense[?]" *Id*. The statute provides no answers, and thus, it is not "reasonable to expect the average citizen to have any knowledge, or even a reasonable suspicion," of the answers to these questions. *Id*. at 802. The Ninth Circuit therefore concluded "the phrase 'user of narcotic drugs' is so vague and indefinite as to constitute a denial of due process." *Id*. at 803.

The term "unlawful user" suffers from the same defects. Neither §922(g)(3) nor this Court's case law provides meaningful guidance about the line between "consistent" and sporadic, between "prolonged" and abbreviated, or between "close in time" and remote.

### b. "Addict"

And §922(g)(3)'s "addicted to" prong is facially vague. *See Martin*, 700 F.3d at 136 ("[W]hen bringing a facial challenge, a party may contest certain provisions of a statute without taking on the whole of the statute."). An addict is defined as "any individual who [1] habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who [2] is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction." 21 U.S.C. § 802(1).

The second part of this definition is circular: it defines an "addict" as someone who is so "addicted" that he lacks self-control regarding his "addiction." The definition does nothing to put a reasonable person on notice of what, exactly, an addict is. The first part of the definition fares no better. In *Musser v. Utah, 333 U.S. 95 (1948)*, the Supreme Court considered a vagueness challenge to a Utah statute which criminalized conspiracies. At issue in *Musser*, Utah had made it a crime "[t]o commits any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice or the due administration of the laws." 333 U.S. at 96. The Court wrote, Utah's statute "would seem to be warrant for conviction for agreement to do almost any act which a judge and jury might find at the moment contrary to his or its notions of what was good for health, morals, trade, commerce, justice or order." *Id.* at 97. Because the statute did "not provide some reasonable standards of guilt," the Court strongly suggested it was unconstitutionally vague. *Id.* As it was in 1948, *Musser* is instructive today.

Based on the unconstitutionally vague nature of 18 U.S.C. 922(g)(3), Mr. Brown respectfully requests this Honorable Court grant his motion for dismissal of Count Four of his indictment.

        Respectfully Submitted,

        James Brown
        By Counsel

        JUVAL O. SCOTT

        Federal Public Defender
        Western District of Virginia

*Nancy Dickenson-Vicars*
Nancy Dickenson-Vicars
Assistant Federal Public Defender
201 Abingdon Place
Abingdon, VA 24201
(276) 619-6086
nancy_dickenson@fd.org
Virginia State Bar No. 28120

Monica D Cliatt, Esquire
First Assistant Federal Public Defender
Federal Public Defender's Office
210 First Street SW, Room 400
Roanoke, Virginia 24011
(540) 777-0880
Pennsylvania State Bar No. 84848

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was electronically filed and will be forwarded to Zachary Lee, Esq., Assistant United States Attorney, this 22nd day of January, 2021.

s/Nancy Dickenson-Vicars