# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:20CR00026 |
| v. | ) | **PRETRIAL ORDER** |
| **JAMES BROWN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

The trial of this case will begin on May 3, 2021, in Abingdon, beginning at 9:00 a.m. Five days have been allotted for the trial. A Pretrial Conference (PTC) will be held on April 19, 2021, at 2:30 p.m. Pending motions in limine ECF Nos. 109 and 115 will be heard at the PTC.

In order to administer the trial of this case in a manner that is fair, just, and efficient, and considering the present Covid-19 epidemic and the safety of all participants, it is **ORDERED** as follows:

1. <u>Safety</u>. All participants must wear masks and observe social distancing. Counsel may remove their masks when speaking to the court or questioning witnesses. Witnesses may remove their masks when testifying.

2. <u>Jury Instructions</u>. Immediately prior to closing argument the court will conduct a charge conference and advise counsel of the substance of the jury charge. The charge is given after closing argument. Before the jury retires to deliberate,

counsel will be given an opportunity to make any objection to the charge on the record. The court will send with the jury a copy of its charge for the jury's reference during deliberations, along with a copy of the Indictment. Counsel may submit requested jury instructions, provided they are filed prior to the PTC.

3. Objections. All objections and other remarks to the court must be made while standing. Objections must be succinct, without extended argument or comment. If such argument is needed, the court will so indicate. Side bar conferences will not be held and argument outside of the presence of the jury will normally take place only during regular recesses or before or after the trial day. Accordingly, counsel must anticipate any evidentiary questions or disputes and bring them to the attention of the court ahead of time.

4. Presentation of Evidence. Questions to witnesses and argument to the court must be made from the lectern. Witnesses will testify from the witness stand. Paper exhibits will not be used but must be electronically displayed to the jury once admitted by the court. Questions concerning the methods available to display exhibits must be addressed to the Clerk's Office well in advance of trial.

Witnesses other than the defendant and the government's case agent must be excluded from the courtroom so that they cannot hear the testimony of other witnesses. This order means that no excluded witness should be advised of the testimony of any other witness who has already testified. Witnesses must be released from further attendance as soon as they are no longer needed. After testifying, a

witness is deemed released by consent unless counsel or the court indicates that the witness should not be so released.  A witness should not be released if there is any likelihood that the witness may be later called to testify by any party.

     5.     <u>Jury Selection</u>.  A list of the potential jurors to be called for the case is sent to counsel by the Clerk's Office prior to trial.  There will be 14 jurors, of whom two will be alternates, and if not earlier used, will be excused before jury deliberations begin at the end of the trial.  Those persons will be sworn as jurors and will not be told that they are alternates until they are excused at the end of the case.  The alternates will be retained in the Courthouse in case they are called upon to replace a regular member of the jury during deliberations.  Fed. R. Crim P. 24(c)(3).

To select the jury, a panel of potential jurors (Jury Panel No. 1) will be placed in the gallery of the courtroom with social distancing.  The court alone will conduct voir dire and will allow counsel to submit suggested questions to be asked by the court, provided <u>those questions are filed prior to the PTC</u>.  In addition, the court will allow the attorneys to submit further follow-up questions for the court to ask after the court has concluded its initial questions.  Jury Panel No. 1 will be excused from the courtroom and counsel will be given an opportunity to suggest any further voir dire questions and/or make any challenges for cause of any of the panel members.  The court will then make rulings on these requests.

Jury Panel No. 1 will return to the courtroom.  Any further voir dire questions will be asked and any jurors excused for cause.  Counsel will then exercise

peremptory challenges. The government has 6 such challenges and the defendant has 10. They will be excused alternately, beginning with the government, by counsel standing and verbally stating the name of the juror, who the court will then excuse.

Any panel members not removed by preemptory challenges will become members of the jury, and those persons will leave the courtroom to remain in the jury room. If 12 jury members have not been selected, Jury Panel No. 2 will then be used, and the same process followed, with counsel using any remaining of their preemptory challenges, until a full 12-person jury has been selected.

The court will then designate four persons at random from the remaining Jury Panel No. 2 members. Each side will exercise one preemptory challenge and the remaining 2 persons will be the alternates. They will serve if necessary as regular jurors in the order that they appeared on the randomized list of panel members used by the court.

After the jury is sworn, preliminary instructions will be given by the court. Jurors will be told that they are permitted to take notes. Counsel may then give opening statements.

6. <u>Opening Statements</u>. Opening statements must summarize objectively the key facts, without argument. Each side's opening statement must not exceed 20 minutes. If there is a likely dispute as to the admissibility of any evidence or exhibit, counsel must omit it from the opening statement or advise opposing counsel of the

intent to refer to such evidence or exhibit, so that opposing counsel may seek a ruling from the court.

    7.    <u>Trial Schedule</u>.  Trial days will begin promptly at 9:00 a.m. and end at approximately 4:00 p.m., with an hour's lunch break at noon and brief breaks in the mid-morning and mid-afternoon.

    8.    <u>JERS</u>.  The Jury Evidence Recording System (JERS) will be used in the jury trial of this case.  JERS provides access by jurors of the evidence during deliberations through the use of exhibit presentation on a large screen monitor, including documents, videos and photos.  Jurors can view the evidence multiple times and can easily move to any particular exhibit they wish to examine or read.  JERS is <u>not</u> used to present evidence in the courtroom.  JERS requires that counsel submit exhibits <u>no later than the Thursday before trial</u> in the form of electronic exhibit files on a USB drive, DVD, or CD.  The instructions attached to this Order provide information for the preparation by counsel of the electronic exhibit files.  Further questions may be directed to the Clerk's Office.  All exhibits will be numbered sequentially, whether offered by the government or the defendant.  The government's exhibits will be numbered from 1 through 100.  The defendant's exhibits will be numbered beginning with 101.

    ENTER:  April 12, 2021

    /s/ JAMES P. JONES
    United States District Judge

**JERS Instructions**

The digital Jury Evidence Recording System (JERS) allows evidence admitted at trial to be easily viewed via a large screen monitor by the jury during deliberations. JERS reduces the need to handle physical evidence while allowing the jury to view evidence multiple times, play audio and video recordings, and zoom in on pictures and documents. JERS is NOT designed to present evidence in the courtroom.

**SUBMITTING EXHIBITS TO THE COURT**

Counsel must submit all proposed exhibits on a DVD, CD, or USB drive ("device") **no later than the Thursday before trial.** The device must be labeled with the case title, case number and the name of the party for whom the exhibits are submitted. Each of the files contained on the device must be saved using the naming convention described below, and in the orientation (portrait or landscape) to ensure the greatest ease of viewing. It is the responsibility of counsel that exhibits used during trial coincide in exhibit number to the exhibits submitted on the device and are identical to the exhibits submitted on the device.

**ACCEPTABLE FILE TYPES**

- Documents: .pdf
- Images: .pdf, .jpeg, .bmp, .tif, .gif
- Video and audio recordings: .avi, .mpg, .mp3, .mp4, .wav, .wma, .wmv

**REQUIRED NAMING CONVENTIONS**

Exhibit files must be named using the following format:

>   **exhibit number_exhibit description.file extension**

Exhibits consisting of multiple subparts must be named using the following format:

>   **exhibit number-exhibit subpart_exhibit description.file extension**

Examples:

>   1-a_photo of store from east view.jpeg
>   1-b_photo of store from west view.jpeg
>   2_camera footage.wmv
>   3_contract.pdf

A**DDITIONAL REQUIREMENTS**

Counsel must provide an exhibit list with file names and descriptions to display for jury deliberations. The descriptions must be accurate and not argumentative. File names must not contain single or double quotation marks, en dash (–), em dash (—) or dots. Documents and images must not exceed file size of 50 MB.